# United States District Court
# Northern District of Indiana

| | |
|---|---|
| HARROLL KRINER, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 3:08-CV-454 JVB |
| v. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Harroll Kriner, a *pro se* prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 attempting to challenge his fifty-five year sentence for murder imposed on January 6, 1997, by the St. Joseph Superior Court in cause number 71D04-9606-CF-236. Habeas Corpus petitions are subject to a one year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

None of the five grounds raised by Kriner is based on a newly recognized constitutional right nor newly discovered evidence. Kriner does not say that he was physically prevented from filing a

habeas corpus petition. Indeed the records of this court show that he filed a timely habeas corpus petition on November 9, 2004, which he voluntarily dismissed on August 30, 2005. *See Kriner v. Davis*, 3:04-CV-696 (N.D. Ind. filed November 10, 2004). Thus it is clear that he was not physically prevented from filing a habeas corpus petition prior to this one. Therefore, subparagraphs (B), (C), and (D) are not applicable to the facts of this case.

Rather, pursuant to § 2244(d)(1)(A), the 1-year clock started when Kriner completed his direct appeal. Kriner filed a direct appeal which concluded when the Indiana Supreme Court affirmed his conviction on September 22, 1998, in a published opinion. *Kriner v. State*, 699 N.E. 2d 659 (Ind. 1998). The United States Supreme court has noted favorably that, "[t]he Courts of Appeals have uniformly interpreted 'direct review' in § 2244(d)(1)(A) to encompass review of a state conviction by [the Supreme Court of the United States]." *Clay v. United States*, 537 U.S. 522, 528, n.3 (2003); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1084 (2007). Therefore, the time for seeking direct review of his conviction did not expire until the passage of the ninety days for filing a petition for certiorari. Allotting those ninety days, the 1-year period of limitation began to run on December 21, 1998. In Kriner's previous habeas corpus proceeding, the respondent filed a copy of the State trial court docket sheet showing that Kriner filed his post-conviction relief petition 269 days later on September 16, 1999. *See* 3:04-CV-696, DE 15-2 at 5. That petition was denied and Krimer appealed it. The online public docket of the Indiana Clerk of Courts[1] shows the Indiana Supreme Court denied transfer on September 28, 2004. *Kriner v. State*, 71A03-0402-PC-80.

---

[1] http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp accessed November 5, 2008.

Therefore, unless tolled by a "properly filed application for State post-conviction or other collateral review" the 1-year period of limitation expired 96 days later on January 3, 2005.[2]

Though Kriner filed the aforementioned federal habeas corpus petition in this court, he voluntarily dismissed it. That petition was timely when it was filed on November 9, 2004, but it did not toll the 1-year period of limitation because § 2244(d)(2) only provides tolling for a properly filed state court (not federal court) collateral review. *Duncan v. Walker*, 533 U.S. 167, 171 (2001). Thus when he voluntarily dismissed that habeas petition on August 30, 2005, he forfeited his chance at habeas review because by then, it was too late to file another habeas corpus petition. Nevertheless, even if his prior habeas corpus petition could provide tolling, it took him 42 of his remaining 96 days before he filed that habeas petition and therefore he would have had only 54 days remaining after he voluntarily dismissed that case on August 30, 2005. That is, if the first habeas petition he filed in this court provided tolling pursuant to § 2244(d)(2) (which as previously explained, it did not), then his deadline for filing another habeas corpus petition would have been October 24, 2005.

Though he filed a petition with the Court of Appeals of Indiana seeking leave to file a successive post-conviction relief petition on July 3, 2008, by then, his deadline for filing a timely habeas corpus petition had expired years before. Furthermore, because he was denied leave to file a successive post-conviction relief petition, it never was a properly pending collateral attack. Therefore that filing would not have tolled the 1-year period of limitation even if it had been filed before the deadline. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") and *Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005)

---

[2] One year is 365 days. Subtracting the 269 days which had already expired, Kriner had 96 days remaining.

("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)."); *see also Lawrence v. Florida*, 127 S. Ct. 1079, 1084 (2007) ("§ 2244(d)(2) . . . seeks to know when an application for 'State . . . review' is pending.")

Here, the last date for filing a timely habeas corpus petition expired on January 3, 2005. This petition was not filed until October 2, 2008, approximately 33 months late. Because this petition is untimely, it must be dismissed. *See* § 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the habeas corpus petition is **DISMISSED** as untimely.

**SO ORDERED** on November 6, 2008.

   S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE